**UNITED STATES, Appellee,**

v.

**Don ELDER, Defendant–Appellant.**

**No. 1783, Docket 96–1009.**

United States Court of Appeals, Second Circuit.

Submitted June 18, 1996.

Decided July 3, 1996.

Judith Lieb, Assistant United States Attorney, Brooklyn, New York (Zachary W. Carter, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney, Brooklyn, New York, on the brief), for Appellee.

Stuart D. Rubin, Brooklyn, New York, for Defendant–Appellant.

Before: KEARSE, MAHONEY, and McLAUGHLIN, Circuit Judges.

PER CURIAM:

■ Defendant Don Elder appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York following his plea of guilty before Raymond J. Dearie, *Judge,* to two substantive violations of 18 U.S.C. § 1951 (1994) (the "Hobbs Act" or the "Act"), to wit, obstruction of commerce by robbery and attempting to obstruct commerce by robbery, and to one count of using and carrying a firearm during and in relation to a Hobbs Act conspiracy, in violation of 18 U.S.C. § 924(c) (1994). Elder was sentenced principally to 201 months' imprisonment, including five years' imprisonment for the firearm conviction, to be followed by a three-year term of supervised release. On appeal, he contends that the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), entitles him to a reversal of his firearm conviction on the ground that conspiracy does not constitute a crime of violence within the meaning of § 924(c). Assuming *arguendo* that this contention has not been waived by Elder's plea of guilty, we reject it on its merits and affirm the conviction.

Section 924(c) provides enhanced punishment for any person who "during and in relation to any crime of violence ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). In *Bailey,* the Supreme Court considered the meaning of the word "use[ ]" in § 924(c)(1) and held that mere possession of a firearm does not suffice. It ruled that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." —— U.S. at ——, 116 S.Ct. at 509. Elder contends that since conspiracy is a crime of agreement, and he did not actively employ a gun at the moment he was entering into the agreement to commit robberies, his conspiracy is not a proper predicate for his conviction under § 924(c). We disagree.

As defined in § 924(c), a crime of violence includes "a felony ... that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *see also id.* § 16 (1994) (generally defining "crime of violence" for purposes of Title 18 as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

The Hobbs Act makes it unlawful to, *inter alia,* "affect[ ] commerce or the movement of any article or commodity in commerce, by robbery ... or ... conspire[ ] so to do." 18 U.S.C. § 1951(a). The Act defines "robbery" as the unlawful taking of property from a person "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or

property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." *Id.* § 1951(b)(1). Thus, a Hobbs Act conspiracy to commit robbery is by definition a conspiracy that involves a substantial risk that physical force may be used against the person or property of another.

 We have held in several circumstances that conspiracy is itself a crime of violence when its objectives are violent crimes or when its members intend to use violent methods to achieve its goals. A RICO conspiracy to commit robbery and extortion, for example, is a crime of violence within the meaning of the Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5042. *See United States v. Doe,* 49 F.3d 859, 866 (2d Cir.1995). Conspiracy to commit armed robbery is a crime of violence within the meaning of the Bail Reform Act, 18 U.S.C. §§ 3141–3156. *See United States v. Chimurenga,* 760 F.2d 400, 403–04 (2d Cir.1985). And in *United States v. Patino,* 962 F.2d 263 (2d Cir.), *cert. denied,* 506 U.S. 927, 113 S.Ct. 354, 121 L.Ed.2d 268 (1992), we held that conspiracy to commit kidnaping is a crime of violence within the meaning of § 924(c)(1):

A conspiracy, by its very nature, is a collective criminal effort where a common goal unites two or more criminals. Such a meeting of the minds enhances the likelihood that the planned crime will be carried out.... Thus, when a conspiracy exists to commit a crime of violence, such as kidnapping, the conspiracy itself poses a "substantial risk" of violence, which qualifies it under Section 924(c)(1) and Section 924(c)(3)(B) as a crime of violence.

962 F.2d at 267.

We do not read the Supreme Court's decision in *Bailey* as affecting the *Patino* principle that conspiracy to commit a crime of violence is itself a crime of violence within the meaning of § 924(c)(1). The *Bailey* Court did not purport to discuss possible predicate offenses or to catalog crimes of violence but only to analyze the meaning of "use." We conclude that where the defendant has "used" his firearm, as that term is elucidated in *Bailey,* by *e.g.,* firing, aiming,

brandishing, or verbally threatening to fire it, in connection with a violent crime that was a goal or modus operandi of the conspiracy, that conspiracy may properly serve as a predicate felony for a charge under § 924(c).

In the present case, count one of the indictment alleged that between January 1992 and June 1992 Elder was a member of a Hobbs Act conspiracy, the goals of which were to commit robberies. Elder pleaded guilty to, *inter alia,* using a firearm "during and in relation to" the alleged Hobbs Act conspiracy. And he stipulated that between January 30, 1992, and June 3, 1992, he participated in a total of 16 truck hijackings or attempted hijackings, and that in three of those instances he "brandished a firearm." The acts that Elder admitted were sufficient to establish that he "used" the firearm, within the meaning of § 924(c), in connection with a conspiracy that was itself a crime of violence.

We have considered all of Elder's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.