10-2203-cr
United States v. Tavarez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of August, two thousand ten.

PRESENT:    ROBERT D. SACK,
            REENA RAGGI,
            GERARD E. LYNCH,
                    *Circuit Judges*.

-----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                            *Appellee*,

            v.                                        No. 10-2203-cr

JUAN BONILLA, AKA A.D.A. PINTO, YOEL PICHARDO, NASSIR MATEO, JOSE ENCARNACION, SANDY BEATO, JUAN ESPINAL, GABRIEL CANO-MARTINEZ, ELOYS FERNANDEZ, AKA CHAMBOA, PEDRO FERNANDEZ, AKA EL MONO, YUDRIS FERNANDEZ, AKA GURDRIS, LUIS PEREZ, RANDALL MARTINEZ, AKA RANDALL, JOSE RODRIGUEZ, WINSTON ROSARIO, HENRY FIORENTINO, FRANCISCO PRADO, AKA EL VIEJO, AKA FNU LNU, MARCOS

RODRIGUEZ, AKA MARKITO,

*Defendants*,

EMMANUEL TAVAREZ,

*Defendant-Appellant.*

------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:    RAYMOND L. COLON, New York, New York.

APPEARING FOR APPELLEE:    STEPHEN J. MEYER, Assistant United States Attorney (Emily Berger, Alexander A. Solomon, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on June 3, 2010, is AFFIRMED.

New York City Police Officer Emmanuel Tavarez appeals from an order denying him bail pending trial on charges of conspiracy to commit armed robbery, see 18 U.S.C. § 1951; conspiracy to distribute various controlled substances including cocaine and heroin, see 21 U.S.C. §§ 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 846; and using and carrying a firearm in relation to the robbery and drug charges, see 18 U.S.C. § 924(c)(1)(A). We review a district court's bail determination, including its findings of fact pertaining to risk of flight, danger to the community, and the adequacy of any proposed bail conditions, for clear error. See United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). We will not reverse "unless on

the entire evidence we are left with the definite and firm conviction that a mistake has been committed." United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted); see also United States v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000). In undertaking this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Because Tavarez is charged with a controlled substance offense carrying a mandatory-minimum term of ten years' imprisonment and with an offense under 18 U.S.C. § 924(c), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure" his appearance and the safety of the community. 18 U.S.C. § 3142(e)(3); see generally United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). Tavarez submits that the district court erred in denying him bail because (1) the government's case against him was weak; (2) his alleged involvement in the charged crimes was, in any event, limited; (3) he had no prior convictions and had served for seven years as a police officer; (4) he owned a home in New York and had strong family ties to the city; (5) he had not fled when, some months prior to arrest, he first came under suspicion and was relieved of official duties; and (6) there is no evidence that he poses a continuing danger to the community. While these facts certainly warranted careful consideration, we cannot conclude that the district court clearly erred in determining that the totality of the evidence warranted detention. See 18 U.S.C. § 3142(g) (detailing factors relevant to bail decision).

3

First, the district court reasonably found that the nature and circumstances of the charged schemes, involving multiple armed robberies of drugs and drug proceeds, "weighed heavily" against Tavarez's pretrial release. United States v. Mercedes, 254 F.3d at 437 (reversing pretrial release of defendant charged with conspiracy to commit armed robbery of drug dealer); see also United States v. Elder, 88 F.3d 127, 129 (2d Cir. 1996) ("[A] Hobbs Act conspiracy to commit robbery is by definition a conspiracy that involves a substantial risk that physical force may be used against the person or property of another."). Although Tavarez emphasizes his lack of personal involvement in actual violence, evidence that he supplied confederates with his police firearm and a police bulletproof vest during the crimes signals that he is hardly divorced from such conduct, a factor weighing against him in any consideration of danger. Further, Tavarez's likely Guidelines range of thirty years' to life imprisonment provides a strong incentive for him to flee.

Second, the district court finding that the case against Tavarez "appears to be . . . strong," Bail Appeal Tr. at 6; see 18 U.S.C. § 3142(g)(2), is supported by the interlocking statements of various confederates; by physical evidence seized during some of the robberies, including police badges bearing Tavarez's shield number or a clumsy alteration of that number; and by various post-arrest statements made by Tavarez in which he admits supplying the robbers with items used in the charged crimes and even identifies his motive, i.e., financial difficulties stemming from a divorce. Although Tavarez insists that the magistrate judge concluded that the government's case was weak, he identifies nothing in the

4

record to support that assertion. In any event, the government did not present the magistrate judge with much of the physical evidence it proffered to the district court, nor with Tavarez's post-arrest statements. Significantly, in those statements, Tavarez not only strengthened the government's case against him; he also raised flight concerns by stating that he could not go to jail.

Third, the district court reasonably found that, even though Tavarez had close family in New York and had surrendered his passport, he posed a flight risk because he had relatives in the Dominican Republic and had made frequent trips there in recent years. See 18 U.S.C. § 3142(g)(3)(A); United States v. El-Hage, 213 F.3d 74, 80 (2d Cir. 2000) (affirming district court determination that defendant was "quite capable of flight" where, inter alia, he had "extensive history of travel and residence in other countries"). Tavarez's employment as a police officer did not render him less of a flight risk because Tavarez has been suspended from that job. Further, the same evidence that strongly signaled Tavarez's guilt indicated that he had abused that position of particular trust by providing co-conspirators with police paraphernalia that they used in committing violent crimes.[1] Such abuse of trust would understandably give a district court reason to doubt Tavarez's word as promising to abide by bail conditions.

---

[1] Further, Tavarez's police career had not been without incident. He had been (1) issued a summons for disorderly conduct arising from his failure to comply with directions of a hospital police department, and (2) referred to the New York City Police Department's Internal Affairs Board for assaulting his own brother.

5

Accordingly, even though Tavarez offered some evidence to challenge the statutory presumption of flight and danger, we conclude that the district court acted well within its discretion in finding that the government had established from the totality of the evidence that he nevertheless more likely than not posed a risk of flight and clearly and convincingly posed a continuing risk of danger to the community. See United States v. Mercedes, 254 F.3d at 436 (reversing release of defendants charged with robbery conspiracy on secured bail, and observing that once defendant has met burden of production relating to presumption of flight and danger, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court").

We have considered Tavarez's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the district court's June 3, 2010 order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court