NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0827n.06

No. 10-4491

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Dec 12, 2011*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| GARY J. LEASURE, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

Before: MARTIN, GIBBONS, KETHLEDGE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge**. Defendant-appellant Gary Leasure appeals the sentencing decision of the district court classifying his prior convictions for aggravated burglary and fourth-degree burglary under Ohio law as violent felonies under the Armed Career Criminal Act ("ACAA"), 18 U.S.C. § 924(e)(1). For the reasons below, we affirm.

**I.**

On May 15, 2010, Leasure was at a cookout with friends and was drinking. An individual stopped by with a shotgun and asked if anyone wanted to buy it. Leasure said that he knew someone who would buy it and took possession of the shotgun. Soon thereafter, Leasure left with the shotgun and was arrested by an off-duty police officer who saw him carrying the shotgun behind his back. Leasure offered no resistance.

-1-

On July 27, 2010, Leasure pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to Leasure's plea, the government notified Leasure that it would seek to classify him as an armed career criminal under the sentencing enhancement provisions of the ACCA, 18 U.S.C. § 924(e)(1), and listed the following predicate felonies: (1) aggravated burglary (two separate counts); (2) fourth-degree burglary; and (3) domestic violence. On the basis of these predicate felonies, the district judge considered Leasure an armed career criminal and sentenced him to 180 months of imprisonment, the statutory minimum, plus five years of supervised release. On appeal, Leasure contests only the government's reliance upon the aggravated burglary and fourth-degree burglary convictions as predicate felonies; he does not object to the classification of his domestic violence conviction.

The district court had subject matter jurisdiction over this federal criminal prosecution pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction to review Leasure's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

Generally, we review *de novo* a district court's determination that a prior conviction qualifies as a "violent felony" under the ACCA. *United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011). However, when a party fails to object to application of the ACCA, we review the district court's decision for plain error. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (*en banc*). To establish plain error, one must show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Hunter*, 558 F.3d

495, 501 (6th Cir. 2009). Leasure did contest the applicability of the ACCA at sentencing, but only on the grounds that two of his predicate convictions were void under Ohio law. He did not object at sentencing to the finding that his predicate convictions qualified as violent felonies under the ACCA—the argument he now advances on appeal—despite the opportunity to do so. Because Leasure did not object to the classification of his predicate offenses as violent felonies before the district court, he failed to "object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection." *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) (citations and internal quotation marks omitted). In so doing, he failed to provide the district court "with an opportunity to address the error in the first instance." *See id.* Thus, we review for plain error.

**III.**

The ACCA provides that a defendant convicted under the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g), who has three previous convictions for violent felonies or serious drug offenses, must be sentenced to a minimum of fifteen years of imprisonment. *Id.* § 924(e). Under the ACCA, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is *burglary*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B) (emphasis added). In determining whether a prior conviction qualifies as a violent felony, this court applies a "categorical approach" and examines "the statutory definition of the offense and not the particular facts underlying the conviction." *United States v. Gibbs*, 626 F.3d 344,

352 (6th Cir. 2010) (internal quotation marks omitted). If it would be possible to violate the statute in a way that would constitute a violent felony and in a way that would not, the court may consider the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction. *Id.*

Although "burglary" is an enumerated example of a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii), the Supreme Court has distinguished between "generic" and "non-generic" burglary statutes for sentencing enhancement purposes. *Taylor v. United States*, 495 U.S. 575, 598–600 (1990). To automatically "qualify as a burglary under ACCA, a defendant's prior conviction must be for 'generic burglary,'" *i.e.*, "'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" *United States v. Holycross*, 333 F. App'x 81, 85 (6th Cir. 2009) (quoting *Taylor*, 495 U.S. at 598). If a defendant's conviction falls under a non-generic burglary statute—which is broader than generic burglary and may, for example, include entry into structures other than buildings or not require criminal intent—it does not automatically qualify for sentence-enhancement purposes. *See Taylor*, 495 U.S at 599. The Ohio burglary statute in question is non-generic, as it was in 1991 when Leasure was convicted of aggravated burglary and in 2002 when he was convicted of fourth-degree burglary. *Holycross*, 333 F. App'x at 85; *United States v. Lane*, 909 F.2d 895, 902 (6th Cir. 1990).

Nonetheless, a conviction under a non-generic burglary statute, though not automatically considered a predicate violent felony conviction under the ACCA, may be classified as such if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *see United States v. Coleman*, 655 F.3d 480, 483 (6th Cir. 2011). To

-4-

determine whether a conviction falls within this "otherwise clause," courts consider "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *James v. United States*, 550 U.S. 192, 208 (2007). In addition, the risk posed by violating the non-generic burglary statute must be "roughly similar, in kind as well as in degree," to the risk posed by generic burglary. *Begay v. United States*, 553 U.S. 137, 143 (2008).[1]

## A.

Leasure argues that his 2002 fourth-degree burglary conviction should not qualify as a predicate offense under the "otherwise clause" of the ACCA. Under Ohio law, fourth-degree burglary is defined as follows: "No person, by force, stealth, or deception, shall . . . (4) [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." Ohio Rev. Code Ann. § 2911.12(A)(4) (2002).

Under our clear precedent, a fourth-degree burglary conviction under Ohio law is a violent felony under the ACCA. *See United States v. Skipper*, 552 F.3d 489, 493 (6th Cir. 2009).[2] Leasure

---

[1]Leasure repeatedly urges that this court, when evaluating the kind and degree of risk, look to whether the conduct proscribed under the statute is "purposeful, violent, and aggressive." But the "phrase 'purposeful, violent, and aggressive' has no precise textual link" to the otherwise clause; it is a "formulation . . . used in [*Begay*] to explain the result." *Sykes v. United States*, 131 S. Ct. 2267, 2275–76 (2011). In light of *Sykes*, we have held that "the absence of a statutory element requiring proof of [purposeful, violent, and aggressive] conduct is not by itself a ground for concluding that an offense is not categorically violent." *See Coleman*, 655 F.3d at 484–85 (citing *Sykes*, 131 S. Ct at 2275–76). Leasure's emphasis on this phraseology—instead of the similar-in-kind, similar-in-degree inquiry—is accordingly misplaced.

[2]*Skipper* involved a case under the armed career criminal provisions of the Sentencing Guidelines, U.S.S.G. § 4B1.1(a). That distinction is unimportant, however, as "[w]hether a

argues that *Skipper* was incorrectly decided and that other courts have found that certain degrees of

burglary in Ohio do not qualify as violent felonies under the ACCA. *See, e.g.*, *United States v.*

*Lewis*, 330 F. App'x 353, 358–64 (3d Cir. 2009). However, *Skipper* is a published opinion of this

court, and thus cannot be overruled "absent en banc review or an intervening and binding change in

the state of the law." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1095 (6th Cir. 2010). As there has been

no intervening and binding change in the state of the law, *Skipper* is determinative and Leasure's

fourth-degree burglary conviction was properly considered a violent felony under the ACCA.

**B.**

Leasure also argues that his two aggravated burglary convictions from 1991 should not be

considered violent felonies under the ACCA. Ohio defined aggravated burglary in 1991 as follows:

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure
> . . . or in a separately secured or separately occupied portion thereof, with purpose to
> commit therein any theft offense, . . . or any felony, when any of the following apply:
> (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
> (2) The offender has a deadly weapon or dangerous ordnance . . . on or about his
> person or under his control;
> (3) The occupied structure involved is the permanent or temporary habitation of any
> person, in which at the time any person is present or likely to be present.

Ohio Rev. Code Ann. § 2911.11 (1991).

Leasure asserts that his two aggravated burglary convictions should not be considered violent

felonies for a host of reasons. He notes that he was convicted under § 2911.11(A)(2) of the

aggravated burglary statute, and that a conviction under that section, unlike § 2911.11(A)(3) of that

conviction is a 'violent felony' under the ACCA is analyzed in the same way as whether a conviction
is a 'crime of violence' under the United States Sentencing Guidelines." *United States v. McMurray*,
653 F.3d 367, 371 n.1 (6th Cir. 2011).

statute or § 2911.12(A)(4) of the fourth-degree burglary statute, does not require that a "person is present or likely to be present." He further argues that an "occupied structure" under Ohio law does not require the actual presence of a person, that the term "deadly weapon" under Ohio law is defined very broadly and can include commonplace items, and that the term "force" does not necessarily mean violence. Given these definitions, Leasure contends that the statute does not fall within the "otherwise clause" of 18 U.S.C. § 924(e)(2)(B)(ii).

Our precedent once again squarely forecloses Leasure's claims. In *Coleman*, we analyzed the Ohio third-degree burglary statute and held that a conviction thereunder qualified as a violent felony under the "otherwise clause" because it presents a serious risk of physical harm that is similar in kind and degree to the risk posed by generic burglary. 655 F.3d at 483–84. In so holding, we expressly rejected many of the arguments that Leasure now advances. *See id*. Further, the third-degree burglary statute at issue in *Coleman* tracks almost verbatim the language of the aggravated burglary statute at issue here; the only difference is that aggravated burglary includes an additional element that makes the crime more serious.[3] Given *Coleman*'s holding that third-degree burglary

---

[3]The relevant portion of the Ohio third-degree burglary statute analyzed in *Coleman* provides that "[n]o person, by force, stealth or deception, shall . . . [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense . . . ." Ohio Rev. Code Ann. § 2911.12(A)(3) (2002). The relevant portion of the 1991 Ohio aggravated burglary statute provides that "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure . . . or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, . . . or any felony, when any of the following [elements] apply . . . ." Ohio Rev. Code Ann. § 2911.11(A) (1991). These elements are that the defendant inflict or attempt to inflict physical harm, carry a dangerous weapon, or enter into a habitation where a person is or is likely to be present. *Id.* § 2911.11(A)(1)–(3).

in Ohio was a violent felony under § 924(e)(2)(B)(ii), it easily follows that the charge here—for the more serious crime of aggravated burglary—also qualifies. Accordingly, Leasure's 1991 aggravated burglary convictions were properly considered violent felonies under the "otherwise clause" of the ACCA.

## C.

Leasure finally asserts that his case should be remanded pursuant to *Shepard v. United States*, 544 U.S. 13 (2005). As explained above, both fourth-degree burglary and aggravated burglary qualify as violent felonies under the "otherwise" clause contained in § 924(e)(2)(B)(ii), and it is therefore not necessary that the district court hold a *Shepard* hearing.

## IV.

For the reasons above, we affirm the decision of the district court.