MILLETT, Circuit Judge,
concurring in part and concurring in the judgment:
I join all of the.court’s opinion except its analysis of the Defendants’ challenge to their convictions under 18 U.S.C. § 924(c). With respect to that issue, I would take a somewhat different path to rejecting the constitutional challenge and to concluding that a Hobbs Act conspiracy to commit robbery qualifies as a crime of violence under Section 924(c).
A
As the court’s opinion explains, this case arises in the wake of the Supreme Court’s holding in Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), that the residual clause of the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The question before us is whether the Defendants’ convictions under the residual clause of Section 924(c) must meet the same fate. Section 924(e) imposes a mandatory five-year minimum sentence for the use of a firearm in the commission of a “crime of violence.” Id. § 924(c)(1)(A)(i). The statute then defines “crime of violence” as a federal felony that:
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) * * * by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
18 U.S.C. § 924(c)(3); see id. § 924(c)(1)(A) (limiting the provision to federal offenses). The Defendants were convicted under subsection (B), which is commonly referred to as the “residual clause,” and they argue that it suffers from the same vagueness problems that rendered ACCA’s residual clause unconstitutional.
In my view, the answer to this question is far closer than the court’s opinion indicates. The Achilles’ heel of ACCA was that statute’s use of the categorical approach. See Welch v. United States, — U.S. —, 136 S.Ct. 1257, 1262, 194 L.Ed.2d 387 (2016) (“The residual clause failed not because it adopted a ‘serious potential risk’ standard but because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense.”). The Supreme Court concluded in Johnson that “[t]wo features of the residual clause conspire to make it *959 unconstitutionally vague.” 135 S.Ct. at 2557. First, “the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime.” Id. That is so because the categorical approach “ties the judicial assessment of risk to a judicially imagined ‘ordinary case’ of a crime, not to real-world facts or statutory elements.” Id. Second, “the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony.” Id. at 2558. Because of that “combin[ed] indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony,” ACCA’s residual clause “produce[s] more unpredictability and arbitrariness than the Due Process Clause tolerates.” Id.
We analyze Section 924(c)’s residual clause through that same troublesome categorical lens, United States v. Kennedy, 133 F.3d 53, 56 (D.C. Cir. 1998), and that extension of the categorical approach to Section 924(c)’s residual clause plainly enfeebles the constitutionality of that statute for the same two reasons given in Johnson. Nevertheless, I conclude that Section 924(c) does not suffer from quite the same amount of “unpredictability and arbitrariness” as ACCA’s residual clause, for four reasons.
First, the Supreme Court has suggested as much. That matters to a lower federal court like us. In Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), the Supreme Court addressed an indistinguishably worded provision, 18 U.S.C. § 16(b).[1] In holding that Section 16(b)’s “crime of violence” residual clause did not extend to driving under the influence, the Court emphasized the statute’s cabined reach, holding that it applies only to “the risk that the use of physical force against another might be required in committing a crime.” Leocal, 543 U.S. at 10, 125 S.Ct. 377. The Court further explained that, unlike a statute the application of which turns on a risk of injury to third persons (such as ACCA), the “substantial risk” in Section 16(b) “relates to the use of force” “in the course of committing the offense[,]” and “not to the possible effect of a person’s conduct.” Id. at 10 & n.7, 125 S.Ct. 377.
To be sure, the Supreme Court is currently considering a constitutional vagueness challenge to Section 16(b) in the wake of Johnson. See Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted, — U.S. —, 137 S.Ct. 31, 195 L.Ed.2d 902 (2016). For now, though, Leocal’s recognition—that courts may more manage-ably evaluate the risk of force being used in the commission of a crime than they could an ACCA-like inquiry into the risk of injury to third parties—carries weight in resolving the Defendants’ challenge.
Second, unlike ACCA’s residual clause, Section 924(c)’s residual clause does not contain a list of comparator crimes. Compare 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that “is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another”), with 18 U.S.C. § 924(c)(3)(B) (defining a crime of violence as one “that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense”). The Supreme Court in Johnson was explicit that the enumerated offenses in ACCA’s residual clause made things con *960 stitutionally worse. See 135 S.Ct. at 2558 (“By asking whether the crime ‘otherwise involves conduct that presents a, serious potential risk,’ moreover, the residual clause forces courts to interpret ‘serious potential risk’ in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives. These offenses are ‘far from clear in respect to the degree of risk each poses.’ ”) (emphasis in original and citation omitted).
Indeed, in distinguishing ACCA’s residual clause from the “dozens of federal and státe criminal laws [that] use terms like ‘substantial risk,’ ‘grave risk,’ and ‘unreasonable risk,’” the Court explained that ‘■[a]lmost none of the cited law links a phrase such as ‘substantial risk’ to a confusing list of examples.” Id. at 2561 (emphasis added); Section 924(c) likewise is not plagued by such an unwieldy list of comparator offenses.
Third, the role that the recondite categorical analysis fulfills for Section 924(c) is far more limited than in AC'CA because Section 924(c) applies only to federal crimes. Compare 18 U.S.C. § 924(e)(1) (explaining that ACCA’s sentencing enhancement applies to “a person who violates section 922(g) of this title and has three convictions by any court referred to in section 922(g)(1)”) (emphasis added), and id. § 922(g)(1) (“It shall be unlawful for any person who has been convicted in any court”) (emphasis added), with id. § 924(c)(1)(A) (applying to crimes of violence “for which the person may be prosecuted in a court of the United States”) (emphasis added). See also United States v. Gonzales, 520 U.S. 1, 5, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997) (“Congress expressly limited the phrase ‘any crime’ [in Section 924(c) ] to only federal crimes[.]”).
As a result, in determining whether there is a substantial risk that physical force will be used in the commission of a crime, federal courts need only to analyze the nature of that particular federal crime; they need not try and discern some sort of cross-jurisdictional, common character for an. offense that could be articulated fifty different ways by fifty different States, as ACCA required. See, e.g., Sykes v. United States, 564 U.S. 1, 131 S.Ct. 2267, 180 L,Ed.2d 60 (2011). Section 924(c), in other words, simply does not require courts to overlay a categorical analysis on top of such broad variation in the nature, elements, and contours of the predicate crimes, and courts will confront less variation in how offense conduct is commonly manifested. The courts will also be dealing with a body of federal law with which they are more experienced.[2]
Fourth, determining whether a criminal offense entails a substantial risk that physical force will be used is not an uncommon legal inquiry, and thus there is already jurisprudential scaffolding that gives structure to the Section 924(c) inquiry. See 18 U.S.C. § 3156(a)(4)(B) (defining a “crime of violence” for the purposes of release and detention statutes as “any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of *961 another may be used in the course of committing the offense”); 18 U.S.C. § 521 (defining a sentencing enhancement for persons that are members of a criminal street gang and have been convicted within five years of “any Federal or State felony offense that by its nature involves a substantial risk that physical force against the person of another may be used in the course of committing the offense”). Indeed, the Supreme Court in Johnson expressed no “doubt [about] the constitutionality of laws that call for the application of a qualitative standard such as ‘substantial risk’ to real-world conduct,” noting that “ ‘the law is full of instances where a man’s fate depends on his estimating rightly * * * some matter of degree[,]’” 135 S.Ct. at 2561 (quoting Nash v. United States, 229 U.S. 373, 377, 33 S.Ct. 780, 57 L.Ed. 1232 (1913)).
For those reasons, I conclude that Section 924(c)’s residual clause is not unconstitutionally vague under Johnson.
B
The court’s opinion also holds that Hobbs Act conspiracy to commit robbery qualifies as a crime of violence within the meaning of Section 924(c). Again I agree, but for somewhat different reasons.
Under this court’s precedent, by which this panel is bound, in a Hobbs Act conspiracy, we may look to the object of the conspiracy—either robbery or extortion— to determine if the conspiracy itself is a crime of violence. See Kennedy, 133 F.3d at 57-58; see also United States v. Turner, 501 F.3d 59, 67 (1st Cir. 2007) (“[T]he object of the conspiracy is the critical determinant of its nature.”).
The object of the conspiracy here was robbery, and the Hobbs Act defines its robbery offense as the taking of property from another “by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property[.]” 18 U.S.C. § 1951(b)(1). As such, Hobbs Act robbery itself would seem to be a crime of violence under Section 924(c)’s elements clause, 18 U.S.C. § 924(c)(3)(A), without any need to resort to the residual clause. See Kennedy, 133 F.3d at 58. Because the object of the conspiracy necessarily requires force or the threat of force for its completion, an agreement to complete that offense also involves at least a-substantial risk that force will be involved. See United States v. Elder, 88 F.3d 127, 129 (2d Cir. 1996) (“We have held in several circumstances that conspiracy is itself a crime of violence when' its objectives are violent crimes or when its members intend to use violent methods to achieve its goals.”); see also United States v. Brown, 200 F.3d 700, 706 (10th Cir. 1999) (“We recognize that conspiracy punishes collective criminal agreement rather than the substantive offense. However, at a minimum,, an agreement to accomplish the statutory elements of carjacking necessarily invplves a substantial risk of physical force against the person or property of a victim[.]”) (citation omitted); cf. Leocal, 543 U.S. at 10, 125 S.Ct. 377 (explaining that language analogous to Section 924(c)’s residual clause “covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense”).
Given this circuit’s precedent, I join the court’s judgment that conspiracy to commit Hobbs Act robbery is a crime of violence under Section 924(c).

. That provision provides that "[t]he term ‘crime of violence' means * * * (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” 18 U.S.C. § 16(b).

. Every criminal statute with which the Supreme Court wrestled in its "attempts] to discern [the] meaning" of ACCA’s residual clause was a state criminal statute. See Johnson, 135 S.Ct. at 2556 (involving "Minnesota’s offense of unlawful possession of a short-barreled shotgun”); see also Sykes, 564 U.S. at 4, 131 S.Ct. 2267 (involving "Indiana’s ‘resisting law enforcement’ law’’); Chambers v. United States, 555 U.S. 122, 124-125, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) (involving Illinois’ "failing to report to a penal institution” statute) (alteration omitted); Begay v. United States, 553 U.S. 137, 140, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (involving New Mexico’s driving under the influence of alcohol statute); James v. United States, 550 U.S. 192, 195, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (involving Florida's attempted burglary statute). , ...