16-3397-cr
United States v. Jones

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          DEBRA ANN LIVINGSTON,
                    Circuit Judges,
          PAMELA K. CHEN,*
                    District Judge.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                          16-3397-cr

ANTHONY PRADDY, AKA Birdman, TORELL
WHYTE, AKA Terror,
          Defendants,

KIOND JONES, AKA Kion, AKA Kiond Hing,
          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

---

* Judge Pamela K. Chen of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR APPELLANT:                Bobbi C. Sternheim, Law Offices
                              of Bobbi C. Sternheim, New York,
                              New York.

FOR APPELLEE:                 Andrey Spektor, Assistant United
                              States Attorney, on behalf of
                              Richard P. Donoghue, United
                              States Attorney, Eastern
                              District of New York (Emily
                              Berger, Seth D. Ducharne, on the
                              brief), Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Block, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the amended judgment of the district court is **AFFIRMED.**

Kiond Jones appeals from the amended judgment judgment of the United States District Court for the Eastern District of New York convicting him of racketeering, racketeering conspiracy, marijuana distribution conspiracy, and the use of a firearm in furtherance of a crime of violence, and sentencing him principally to 30 years in prison. This case returns to us following remand and resentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Jones was a lieutenant in the Raleigh Place Crew narcotics distribution gang ("Crew"). He was arrested in June 2009 and charged with racketeering and racketeering conspiracy; marijuana distribution conspiracy; discharge of a firearm in connection with a crime of violence, i.e., the racketeering and racketeering conspiracies; and use of a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c). He was convicted at trial on all five counts. Testimony elicited from fellow Crew members indicated that Jones ran a "corner" operation, which included distribution of controlled substances, collection of money, enforcement, and retaliation against rivals. As part of these activities, Jones used firearms to kidnap and pistol-whip one victim and to attempt to assassinate

2

another.  The court sentenced Jones principally to 50 years in prison.

On Jones's first appeal, we vacated as duplicative the Section 924(c) conviction for brandishing a weapon during a drug trafficking crime, but affirmed convictions on all other offenses, including the conviction for discharging a gun in connection with his racketeering crimes.  The district court resentenced Jones principally to 30 years in prison: 20 years for the racketeering and drug offenses plus ten years on the remaining Section 924(c) firearms conviction, which carried a ten-year mandatory minimum sentencing enhancement.  See 18 U.S.C. § 924(c)(1)(A)(iii).  The district court explained that this sentence took into account Jones's rehabilitation and productive activity in prison and was thus lighter than the sentence Jones would have received had he not been originally convicted of the duplicative firearms charge.  See J. App'x at 67–69.

Jones challenges his sentence and conviction for discharge of a firearm in furtherance of a crime of violence.  His first argument is that the district court erred as a matter of law in ruling that the racketeering and racketeering conspiracy charges underlying his firearms conviction qualify as "crime[s] of violence."  See 18 U.S.C. § 924(c)(1)(A)(iii).  A crime of violence is either (1) an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; or (2) an offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(A),(B).[2]  "When determining whether an offense is

---

[2] Jones argues that the "residual" (or "risk of force") clause, 18 U.S.C. § 924(c)(3)(B), is void for vagueness as applied to racketeering conspiracy.  This argument is likely foreclosed by United States v. Hill, 832 F.3d 135 (2d Cir. 2016), which rejected a similar claim that Section 924(c)(3)(B)'s "risk of force" clause is void for vagueness.  In any event, we need not decide this because Jones's convictions qualify as crimes of violence under the physical force prong.  See Section 924(c)(3)(A).  Whether the residual clause is void for vagueness as applied to

3

a 'crime of violence' under the statute, we employ a 'categorical approach,' in which 'we focus on the intrinsic nature of the offense rather than on the circumstances of a particular crime.'"  United States v. Ivezaj, 568 F.3d 88, 95 (2d Cir. 2009) (quoting United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006)).

The crimes of conviction are racketeering and racketeering conspiracy ("RICO").  See 18 U.S.C. §§ 1961, 1962.  "Because racketeering offenses hinge on the predicate offenses comprising the pattern of racketeering activity, we look to the predicate offenses to determine whether a crime of violence is charged."  Ivezaj, 568 F.3d at 96.  A racketeering conviction qualifies as a "crime of violence" under Section 924(c) when the government proves: (1) "the commission of at least two acts of racketeering" and (2) that at least two of those acts qualify as "crime[s] of violence" under 18 U.S.C. § 924(c). Id.  A racketeering conspiracy is a crime of violence if at least one of its objects is committing a crime of violence. United States v. Elder, 88 F.3d 127, 129 (2d Cir. 1996).

Jones argues that, "as charged in [his] indictment," neither predicate act--kidnapping or attempted murder-- "necessarily involves physical force or risk of physical force."[3]  Appellant's Br. at 10-11.  Under a categorical approach, we "look only to the statutory definitions – i.e., the elements" of the offense.  Descamps v. United States, 570 U.S. 254, 261 (2013) (citation and internal quotation marks omitted).  Jones conjures up scenarios in which a defendant would meet the elements of the offenses of kidnapping and attempted murder without force or the risk of force.  But to defeat a finding that a predicate act qualifies as a crime of violence as a matter of law under the categorical approach, the defendant "must at least point to his own case or other cases in which the ...

racketeering conspiracy is thus irrelevant to Jones's appeal.

[3] Unaccountably, Jones also concedes that "[a]rguably two of the three racketeering acts – kidnapping and attempted murder – could qualify as crimes of violence."  Appellant's Br. at 10.

4

courts in fact did apply the statute in the ... manner for which he argues." United States v. Hill, 832 F.3d 135, 139-40 (2d Cir. 2016).

"A person is guilty of kidnapping in the second degree when he abducts another person." N.Y. Penal Law § 135.20. "Abduct[ion]," which requires, at a minimum, a form of forceful restraint that entails the threat of severe physical force, "self-evidently ... satisf[ies] § 924(c)'s force clause." Hill, 832 F.3d at 140; see N.Y. Penal Law § 135.00[2] (defining "abduct"). Jones argues that "abduction" can occur without force or risk of force, for example via fraud or trickery. However, he does not cite to any case in which courts applied the kidnapping statute in this manner. His hypotheticals therefore fail to overcome the inference that abduction of a person requires force and the risk of physical force. See Hill, 832 F.3d at 140-41.

Similarly, attempted murder is a crime "unmistakably involving 'an attempted use ... of physical force.'" See United States v. Scott, 681 F. App'x 89, 94-95 (2d Cir. 2017) (summary order) (citing 18 U.S.C. § 924(c)(3)(A)). Jones posits the use of poison, but that example is specifically foreclosed by precedent. United States v. Castleman, 134 S. Ct. 1405, 1415 (2014) ("The 'use of force' in Castleman's example is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter."). And in any event, Jones fails to support it with reference to case law or other authority. His RICO conviction is therefore a crime of violence within the meaning of 18 U.S.C. § 924(c).

Jones also argues that the court abused its discretion by resentencing him to 30 years in prison. Acknowledging the significant reduction from his original 50 year sentence (Appellant's Br. at 15), Jones maintains that he should have received at most a fifteen-year concurrent sentence on the racketeering and drug offenses, which would match the length of his original 2010 sentencing on those specific counts, and a resulting total sentence of 25 years.

5

This argument fails because the district court did not err by exercising its broad discretion to determine its own resentencing package. See United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir. 1989) (en banc). In recognition of the district court's flexible powers at resentencing, "we have frequently upheld increased sentences on remaining counts after convictions of a related section 924(c) count has been vacated." United States v. Vasquez, 85 F.3d 59, 61 (2d Cir. 1996) (collecting cases). Jones had no entitlement or expectation that his sentence on each count would remain identical if one or more of his convictions were successfully vacated. See United States v. Morales, 185 F.3d 74, 85 (2d Cir. 1999); United States v. Mata, 133 F.3d 200 (2d Cir. 1998) (per curiam) (imposing a higher sentence on remaining counts following the vacatur of a § 924(c) conviction).

Jones claims the district court provided insufficient grounds for adding five years to the original fifteen-year sentence on his racketeering and drug convictions. But the district court explained that it was reconfiguring the sentence *in toto* to account for the original 35 years that it would have imposed at sentencing in the absence of the vacated Section 924(c) count. It also considered Jones's recent rehabilitation in ordering an overall sentence reduction. The court recited the reasoning behind the original fifty-year sentence, including vicious and violent conduct that spanned the shooting of one victim and pistol-whipping of another, and it outlined in detail how the new sentencing package fit together. There was no error. See Greenlaw v. United States, 554 U.S. 237, 253 (2008).

For the foregoing reasons, and finding no merit in Jones's other arguments, we hereby **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6