**UNITED STATES of America,
Appellee,**

v.

**Sylvestre ACOSTA, also known as
Sly Acosta, and Paul Skinner,
Defendants–Appellants,**

Gerald T. Skinner, Defendant.

Docket Nos. 05–3346–CR(L), 05–3416–CR(CON).

United States Court of Appeals, Second Circuit.

Argued: April 19, 2006.

Decided: Nov. 30, 2006.

Wan J. Kim, Assistant Attorney General (Jessica Dunsay Silver, Angela M. Miller, on the brief), Department of Justice, Washington, DC, for Appellee.

David J. Seeger (Leigh E. Anderson, on the brief), Buffalo, NY, for Defendant–Appellant Sylvestre Acosta.

Patrick J. Brown, LoTempio & Brown, P.C., Buffalo, NY, for Defendant–Appellant Paul Skinner.

Before JACOBS, Chief Judge, B.D. PARKER, Circuit Judge, and OBERDORFER, District Judge.*

PER CURIAM.

Sylvestre Acosta and Paul Skinner, both former members of the Buffalo New York Police Department, appeal from judgments of conviction entered in the United States District Court for the Western District of New York (Richard J. Arcara, *Chief District Judge*). Both were convicted of violating civil rights under color of law and conspiracy to do so in violation of 18 U.S.C. §§ 242 and 241, and carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). The convictions stem from their

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

falsification of search warrants, armed robbery of money and property from suspected drug dealers, and repeated use of violent, intimidating tactics against suspects and informants. Acosta was primarily sentenced to forty-five years and one day of imprisonment and Skinner was primarily sentenced to ninety-three months' imprisonment. The Appellants raise a host of challenges to their convictions, the majority of which are addressed in a companion summary order filed today. We write separately to reject the claim that §§ 242 and 241 are not crimes of violence for purposes of § 924(c).

## BACKGROUND

Since 1989, Acosta and Skinner, along with several others were police officers assigned to the Buffalo Police Department's "Maryland Street Detail" (the MSD), a unit formed to combat drug traffic in the lower west side of Buffalo. The MSD was later absorbed into various other street crime units of the Buffalo police, but this core group continued to work together throughout the 1990s. The testimony at trial demonstrated that during this period, they engaged in rogue, vigilante-style tactics worthy of a television drama. The government's evidence at trial established that Skinner, Acosta, and their co-conspirators "tossed" suspects (i.e., searched them in violation of their constitutional rights), planted drugs, and stole money, computers, electronics, weapons, and other items from suspected drug dealers. That evidence also showed that they falsified information in search warrant applications and covered up the practice with falsified official reports, and that, while armed, they engaged in a wide variety of violent and intimidating behavior with respect to informants and suspects.

## DISCUSSION

This per curiam opinion addresses Acosta's claim that his § 924(c) conviction should be reversed because § 242 is not a crime of violence, and Acosta's and Skinner's claims that their § 924(c) convictions should be reversed because § 241 also is not a crime of violence.

Section 924(c) states in relevant part:

(1)(A) [A]ny person who, during and in relation to any crime of violence ... (including a crime of violence ... that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence ... [be subject to certain minimum terms of imprisonment].

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c).

In *Leocal v. Ashcroft*, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), the Supreme Court considered whether an offense is a "crime of violence" under 18 U.S.C. § 16, a provision which contains virtually identical language to § 924(c)(3).[1]

1. Section 16 defines a "crime of violence" as:

(a) an offense that has as an element the

The Supreme Court instructed reviewing courts "to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Id.* at 7, 125 S.Ct. 377. We too have employed this "categorical approach" when determining whether a particular offense is a crime of violence under § 16. *See, e.g., Vargas–Sarmiento v. U.S. Dep't of Justice,* 448 F.3d 159, 166 (2d Cir.2006); *Jobson v. Ashcroft,* 326 F.3d 367, 371 (2d Cir.2003); *Dalton v. Ashcroft,* 257 F.3d 200, 204 (2d Cir.2001); *Ming Lam Sui v. INS,* 250 F.3d 105, 117–18 (2d Cir.2001).

Under this categorical approach, we focus on the intrinsic nature of the offense rather than on the circumstances of the particular crime. Consequently, only the minimum criminal conduct necessary for conviction under a particular statute is relevant. *Vargas–Sarmiento,* 448 F.3d at 166; *see also Ming Lam Sui,* 250 F.3d at 117–18 (noting that the reviewing court "cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts amount to one of the enumerated crimes") (citation omitted). Applying this categorical approach, we now consider whether §§ 242 and 241 are crimes of violence for purposes of § 924(c). *Cf. United States v. Patino,* 962 F.2d 263, 267 (2d Cir.1992) (applying principles developed under the Bail Reform Act, 18 U.S.C. § 3156(a)(4), to the question of whether a crime is a "crime of violence" under § 924(c)(3) because the definition of "crime of violence" in the two statutes is "virtually identical").

■ We first turn to Acosta's contention that he was improperly convicted under § 924(c), because § 242 does not constitute a crime of violence. We review this claim for plain error because it was not raised before the district court. *See United States v. Carr,* 424 F.3d 213, 219 (2d Cir. 2005).

Section 242 provides in part:

■ Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person .... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both; and [2] if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and [3] if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242. Acosta was charged under the second clause of § 242. Since this clause "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," it necessarily qualifies as a crime of violence under § 924(c)(3)(A). The use of a gun by a police officer to rob and intimidate suspected drug dealers, therefore, violates § 242's prohibition on "the

use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial

risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

use, attempted use, or threatened use of a dangerous weapon" in the course of willfully depriving a person of his constitutional rights under color of law. That use also subjects the offender to enhanced punishment for carrying a firearm "during and in relation to any crime of violence" under § 924(c).[2] Consequently, no error occurred when Acosta's conviction under the second clause of § 242 served as a predicate crime of violence supporting his conviction under § 924(c). In reaching this conclusion, we align ourselves with the Fifth Circuit which held in *United States v. Williams*, 343 F.3d 423, 434 (5th Cir. 2003) that an offense based on the second clause of § 242 is a crime of violence for purposes of § 924(c).

We turn next to Skinner's and Acosta's claims that their conspiracy convictions under § 241 were not predicate crimes of violence that could support their corresponding § 924(c) convictions. Under § 241, "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person ... in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same" the conspirators shall be guilty of a crime and subject to criminal sanctions. 18 U.S.C. § 241. Section 241, unlike the second clause of § 242, does not explicitly mention the "use, attempted use or threatened use of physical force." However, under § 924(c)(3)(B), a felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" also constitutes a crime of violence.

■ Section 241 proscribes conspiracies that seek to "injure, oppress, threaten, or intimidate any person" in connection with exercising or enjoying constitutional rights. Since applying physical force is perhaps the most obvious way to injure, threaten, or intimidate, a conspiracy to engage in such conduct is, by its nature, a conspiracy that involves a "substantial risk that physical force" will be used. *Cf. United States v. Doe*, 49 F.3d 859, 866 (2d Cir.1995) ("Conspiracies that may properly be deemed crimes of violence include those whose objectives are violent crimes or those whose members intend to use violent methods to achieve the conspiracy's goals."); *Patino*, 962 F.2d at 267 ("[W]hen a conspiracy exists to commit a crime of violence ... the conspiracy itself poses a 'substantial risk' of violence, which qualifies it under Section 924(c)(1) and Section 924(c)(3)(B) as a crime of violence.").

A conspiracy conviction requires, among other things, proof of a specific intent to

---

**2.** Our conclusion that Acosta's conduct was properly found to have violated the second clause of § 242, and as such constitutes a predicate crime of violence under § 924(c), should not be misunderstood to imply that any conduct by a police officer that violates constitutional rights is subject to the same enhanced penalties. We express no opinion as to whether conduct that is prohibited by the first clause of § 242, but does not involve "bodily injury" or "the use, attempted use, or threatened use of a dangerous weapon," necessarily qualifies as a crime of violence under either § 924(c)(3)(A) or (B). Moreover, we note that an on-duty police officer's mere act of carrying a service weapon in accordance with police policy does not equate with "the use, attempted use, or threatened use of a dangerous weapon." This is true even if the officer is engaged in conduct that violates another's constitutional rights—for example, making an arrest at a protest that is subsequently found to violate the First Amendment, or impounding a car in violation of due process. To suggest otherwise would unjustifiably convert every violation of the first clause of § 242 by a police officer into a violation of the second clause. Likewise, we caution that not every violation of constitutional rights by a police officer constitutes the willful deprivation of such rights in violation of § 242.

join the conspiracy with knowledge of its illegal purposes. *See, e.g., United States v. Glen,* 418 F.3d 181, 184 (2d Cir.2005); *United States v. Diez,* 736 F.2d 840, 843 (2d Cir.1984); *United States v. Cirillo,* 499 F.2d 872, 883 (2d Cir.1974). The government proved that Acosta and Skinner knowingly joined the conspiracy charged under § 241, and that they used armed force to steal drugs during raids and in connection with the intimidation of suspected drug dealers.[3] At a minimum, the conspiracy created a substantial risk that violence would be used to achieve its purposes. For these reasons we again join the Fifth Circuit in concluding that § 241 is a crime of violence for purposes of § 924(c). *See United States v. Greer,* 939 F.2d 1076, 1099 (5th Cir.1991).

## CONCLUSION

For the foregoing reasons the judgments of conviction are affirmed.

---

3. We note that not all conduct by police officers acting in tandem that interferes with others exercising their constitutional rights constitutes a § 241 violation. In the present case, however, the government established both the elements of a conspiracy and that the object and result of that conspiracy was to "injure, oppress, threaten, or intimidate" in connection with the exercise of constitutional rights.