**UNITED STATES of America,**

**v.**

**Joseph PENA, Defendant.**

**14-CR-553-3 (WFK)**

United States District Court, E.D. New York.

Signed June 2, 2016

Filed June 3, 2016

Nadia Elizabeth Moore, U.S. Attorney's Office, Brooklyn, NY, for Plaintiff.

Douglas G. Morris, Federal Defenders of New York, Inc., Brooklyn, NY, for Defendant.

## DECISION AND ORDER

WILLIAM F. KUNTZ, II, United States District Judge:

On October 15, 2014, Defendant Joseph Pena ("Defendant") was charged by an Indictment with Hobbs Act Robbery Conspiracy, Hobbs Act Robbery, and Brandishing a Firearm During a Crime of Violence. ECF No. 16 ("Indictment") at 1-2. On April 29, 2015, Defendant pleaded guilty to Count Three of the Indictment, Brandishing a Firearm During a Crime of Violence. ECF No. 37 ("Guilty Plea"). On April 25, 2016, Defendant moved to vacate his plea and to dismiss Count Three of the Indictment for failure to state an offense. ECF No. 70 ("Def. Mot."). The Court hereby DENIES Defendant's motion in its entirety, and schedules Defendant's sentencing for 2:00 P.M. on Wednesday, June 22, 2016.

## BACKGROUND

On October 15, 2014, Defendant was charged by an Indictment with Hobbs Act Robbery Conspiracy under 18 U.S.C. §§ 1951(a), 2, and 3551 *et seq.* ("Count One"); Hobbs Act Robbery under 18 U.S.C. §§ 1951(a), 2, and 3551 *et seq.* ("Count Two"); and Brandishing of a Firearm During a Crime of Violence under 18 U.S.C. §§ 924(c)(1)(A)(ii), 2, and 3551 *et seq.* ("Count Three"). Indictment at 1-2. On April 29, 2015, Defendant pleaded guilty to Count Three of the Indictment. Guilty Plea at 1.

On April 25, 2016, Defendant moved to vacate his plea of guilty and to dismiss

Count Three pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. *See* Def. Mot. Defendant argues that he cannot be charged with Brandishing a Firearm During a Crime of Violence because Hobbs Act Robbery does not qualify as a "crime of violence" under the relevant statutory scheme. Def. Mot. at 2. On May 9, 2016, the Government filed its opposition papers to Defendant's motion. *See* ECF No. 74 ("Gov't Opp."). The Court hereby DENIES Defendant's motion in its entirety.

## DISCUSSION

### I. Relevant Statutory Scheme

Defendant pleaded guilty to a violation of 18 U.S.C. § 924(c), which penalizes the use of a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as any offense that is a felony under federal law and either:

(A) has as an element the use, or attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subpart A is commonly referred to as the "force clause"; Subpart B, the "residual clause."

Here, the relevant "crime of violence" is Hobbs Act Robbery as charged in Count One of the Indictment. The Hobbs Act provides, in relevant part:

Whoever in any way or degree obstructs, delays, or affects commerce of the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [shall be in violation of federal law].

18 U.S.C. § 1951(a). The Act defines "robbery" as:

[T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family, or of anyone in his company at the time of the taking or the obtaining.

18 U.S.C. § 1951(b)(1).

### II. Legal Standard

To determine whether a predicate offense is a "crime of violence" under 18 U.S.C. § 924(c)(3), the Court applies a "categorical approach." *See United States v. Acosta*, 470 F.3d 132, 135 (2d Cir.2006) (endorsing the categorical approach). Under this approach, the Court considers "the intrinsic nature of the offense rather than . . . the circumstances of the particular crime alleged." *United States v. Pena*, 15–CR–551, 161 F.Supp.3d 268, 2016 WL 690746, at *2 (S.D.N.Y. Feb. 11, 2016) (Nathan, J.) (citing *Acosta*, 470 F.3d at 135). If the "minimum criminal conduct necessary for conviction under a particular statute" does not constitute a crime of violence under § 924(c)(3), then the offense is not a crime of violence. *Acosta*, 470 F.3d at 135. The Court, however, need not contemplate every hypothetical scenario; it need only consider "the minimum conduct to which there is a 'realistic probability, not a theoretical possibility' that the statute would be applied." *Pena*, 161 F.Supp.3d at 271, 2016 WL 690746, at *2 (quoting *Gonzales v. Duenas–Alvarez*, 549

U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)).

## III. Analysis

Defendant argues that the government cannot, as a matter of law, prove that Hobbs Act Robbery is a "crime of violence" under the force clause of § 924(c)(3), because such a crime "can be accomplished without the use or threatened use of *violent physical force* or the *intentional* use of such force." Def. Mot. at 6.

Defendant relies on the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), for the proposition that the term "physical force," as used in § 924(c)(3), means " 'violent force,' i.e., 'strong physical force' that is 'capable of causing physical pain or injury to another person.' " *Id.* at 8 (quoting *Johnson*, 559 U.S. at 140, 130 S.Ct. 1265). In *Johnson*, the Supreme Court applied this understanding of "physical force" to the force clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i), which Defendant argues is "virtually identical" to the force clause of § 924(c)(3). *Id.* Defendant further argues that, in order to constitute an offense under § 924(c)(3), the force at issue "must be used intentionally." *Id.* at 9 (citing *United States v. Bell*, 15–CR–258, 158 F.Supp.3d 906, 2016 WL 344749, at *1 (N.D.Cal. Jan. 28, 2016) (Orrick, J.)). Based on this understanding of the law, Defendant argues that Hobbs Act Robbery categorically fails to qualify as a crime of violence under § 924(c)(3) because it can be accomplished by: (1) using a minimal amount of force, (2) causing fear of injury without the use or threatened use of physical force, and (3) causing fear of injury without the actual intent to intimidate. Def. Mot. at 9-13.

The Government counters that "[e]very court to consider the issue, both before and after *Johnson,* has held that Hobbs Act robbery constitutes a crime of violence under the force clause." Gov't Opp. at 3 (collecting cases). Because "no plausible violations of the Hobbs Act Robbery statute [ ] could be committed without the use or threatened use of physical force against a person or property," the Government insists that Hobbs Act Robbery is categorically a crime of violence under § 924(c)(3). *Id.* at 6.

The Government argues that the definition of "physical force" from *Johnson* does not apply to § 924(c)(3) in part because the Second Circuit has not yet ruled on the issue. *Id.* at 4. The Government also cites to a decision in the Southern District of New York, similarly captioned *United States v. Pena*, in which Judge Nathan found the *Johnson* definition inapposite and was "not persuaded that there is a 'realistic probability' that Hobbs Act Robbery would be applied to conduct not involving Section 924(c) force." *Id.* at 4–5 (citing *Pena*, 161 F.Supp.3d at 278, 2016 WL 690746, at *7).

The Government further contends that "[i]t defies logic to suggest that someone could be robbed by placing him in 'fear of injury' without using or threatening to use physical force." *Id.* at 6 (citing *United States v. McDaniels*, 15–CR–171, 147 F.Supp.3d 427, 432–34, 2015 WL 7455539, at *4–5 (E.D.Va. Nov. 23, 2015) (Ellis, J.) and *United States v. Standberry*, 139 F.Supp.3d 734, 738–39 (E.D.Va. Oct. 9, 2015) (Hudson, J.)). In the Government's view, holding otherwise would "lead to absurdities" and result in an "implausibly limited application" of the Hobbs Act and § 924(c)(3). *Id.* at 5. The Government similarly argues that Defendant's contention that Hobbs Act Robbery cannot constitute a crime of violence because it requires only

a "general intent to rob" illogically limits the breadth of statutes articulating crimes of violence. *Id.* at 7. "Taken collectively," the Government concludes, "the Defendant's approach would result in virtually no federal criminal offenses falling within § 924(c)(3)(A)." *Id.* at 8.

■ The Court holds that the *Johnson* definition of "force" does not apply to 18 U.S.C. § 924(c)(3). Rather, the applicable definition is the one applied by the Second Circuit to the identical force clause of 18 U.S.C. § 16: "power, violence, or pressure directed against a person or thing." *See Santana v. Holder*, 714 F.3d 140, 144 (2d Cir.2013). As Judge Nathan articulated when evaluating this very issue, "the Second Circuit began using [the *Santana*] definition before *Johnson*, and has continued to do so without interruption in *Johnson's* wake." *Pena*, 161 F.Supp.3d at 273, 2016 WL 690746, at *4. Although the *Johnson* definition may be the law of the land in the context of the ACCA—which uses a force clause that lacks reference to the use of force against property—the *Santana* definition remains "forceful" in the context of 18 U.S.C. § 16, and, in this Court's view, § 924(c)(3).

■ The Court also finds no "realistic probability" that the Hobbs Act would apply to conduct falling short of *either* definition of force. To show such a realistic probability, Defendant must point to cases in which "courts in fact did apply the statute" in the manner claimed. *See Duenas–Alvarez*, 549 U.S. at 193, 127 S.Ct. 815. Defendant has provided no such case law, and his citation to cases decided under other robbery statutes bears no weight in this inquiry.

The Court further finds meritless Defendant's arguments that an individual can commit Hobbs Act Robbery by creating fear of injury without the threat of force. A close reading of the text and context of the Hobbs Act demonstrates that the phrase "fear of injury" refers specifically to "fear of injury *from the use of force*" *Pena*, 161 F.Supp.3d at 279–80, 2016 WL 690746, at *8 (emphasis added); *see also United States v. Walker*, 15–CR–49, 2016 WL 153088, at *5 (E.D.Va. Jan. 12, 2016) (Lauck, J.) ("[C]ommon sense dictates that any 'fear of injury' flows from the fear of physical force."); *Standberry*, 139 F.Supp.3d at 738–39 ("[A]ny act or threatened act which engenders a fear of injury implicates force and potential violence."). Defendant's reliance on *Chrzanoski v. Ashcroft*, 327 F.3d 188, 195–96 (2d. Cir. 2003) (addressing a circumstance in which physical injury is caused by "guile, deception, or even deliberate omission"), and *United States v. Torres–Miguel*, 701 F.3d 165, 168 (4th Cir.2012) (analyzing a statute that prohibits threatening violent crime), are therefore inapposite, because neither case involved conduct falling within the scope of the Hobbs Act.

Finally, the Court rejects Defendant's assertion that Hobbs Act Robbery is not a crime of violence because it can be committed by causing fear of injury without the intent to intimidate. As the Government points out, this reading would imply that only statutes which require "a specific *mens rea* to use force or make threats of force" qualify as crimes of violence—a standard that excludes, for example, intentional murder committed by poison. Gov't Opp. at 7. Section 924(c)(3) does not demand such an absurd result. *See Standberry*, 139 F.Supp.3d at 739–40 ("Obviously, the taking of personal property from another against their will by means of actual or threatened force, or violence or fear of injury, immediate or future, entails a higher degree of intent than negligent or merely accidental conduct."). Defendant "has failed to demonstrate a 'realistic probability' that the accidental use of force would

meet the elements of Hobbs Act robbery." *Pena*, 161 F.Supp.3d at 284, 2016 WL 690746, at *11.

This Court joins every other court that has considered the issue in holding that Hobbs Act Robbery is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A).[1] The Court need not reach the balance of Defendant's arguments concerning the constitutionality of the residual clause of 18 U.S.C. § 924(c)(3)(B).

### CONCLUSION

The Court DENIES Defendant's motion to vacate his guilty plea and dismiss Count Three of the Indictment. Defendant's sentencing is hereby scheduled for 2:00 P.M. on Wednesday, June 22, 2016, in Courtroom 6H North.

**SO ORDERED.**

---

1. *See United States v. DiSomma*, 951 F.2d 494 (2d Cir.1991); *United States v. Farmer*, 73 F.3d 836 (8th Cir.1996); *Pena*, 161 F.Supp.3d at 270–71, 2016 WL 690746, at *1; *McDaniels*, 147 F.Supp.3d at 428–29, 2015 WL 7455539, at *1; *United States v. Anglin*, 14–CR–3, 2015 WL 6828070, at *1 (E.D.Wisc. Nov. 6, 2015) (Clevert, J.); *United States v. Brownlow*, 15–CR–34, 2015 WL 6452620, at *1 (N.D.Ala. Oct. 26, 2015) (Blackburn, J.); *United States v. Merinord*, 15–CR–136, 2015 WL 6457166, at *1 (E.D.N.C. Oct, 26, 2015) (Boyle, J.); *United States v. Hunter*, 12–CR–124, 2015 WL 6443084, at *1 (E.D.Va. Oct. 23, 2015) (Jackson, J.); *United States v. Redmond*, 14–CR–226, 2015 WL 5999317, at *1 (W.D.N.C. Oct. 13, 2015) (Cogburn, J.); *Standberry*, 139 F.Supp.3d at 735–36.