**Ramon ACOSTA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**07-CR-1150 (VM)**
**16-CV-4525 (VM)**

United States District Court,
S.D. New York.

Signed July 6, 2016

Mitchell Joel Dinnerstein, Mitchell Dinnerstein, Esq, New York, NY, for Petitioner.

Michael Quinn English, Telemachus Philip Kasulis, U.S. Attorney's Office, New York, NY, for Respondent.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Ramon Acosta ("Acosta"), currently incarcerated at Yazoo City USP, brings this successive pro se motion under 28 U.S.C. Section 2255 ("Section 2255") challenging the legality of his sentence. ("Motion," Dkt. No. 131.) He bases his challenge on Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court decision that voided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924 (e) (2) (B) (ii) ("residual clause"), as unconstitutionally vague. (Id. at 4-5.) For the reasons set forth below, the Court DENIES the Motion. Because the Motion is without merit, the Court also declines to transfer it to the United States Court of Appeals for the Second Circuit ("Second Circuit") for certification under Sections 2255(h) and 2244(b)(3).

## I. STANDARD OF REVIEW

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

The Court notes that Acosta is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must construe Acosta's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280

(2d Cir.1999) (internal quotation marks and citation omitted).

A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir.1983)). Therefore, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foil. Section 2255 (2004); see Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir.2000).

## II. DISCUSSION

### A. JOHNSON CLAIM

On March 9, 2009, this Court sentenced Acosta to 294 months imprisonment to be followed by three (3) years of supervised release. (Dkt. No. 77.) Acosta appealed his judgment of conviction (Dkt. No. 81), and on March 1, 2010, the Second Circuit affirmed Acosta's conviction and sentence (Dkt. No. 92).

Acosta filed his first motion under Section 2255 on September 14, 2010, asserting: (1) violation of his Sixth Amendment right to trial by jury in connection with sentencing enhancements for obstruction of justice based on the Court's findings of fact; (2) prosecutorial misconduct by procurement of a witness's testimony which Acosta asserts was false, and by failure to disclose evidence favorable to Acosta; (3) failure by the Court to consider sentencing factors relating to the Sentencing Guidelines for illegal reentry and their effect on Acosta because he became deportable upon conviction; and (4) ineffective assistance of counsel. ("First Section 2255 Motion," 10-CV-6945, Dkt. No. 1.) The Court denied that motion on December 20, 2010. (Dkt. No. 98.)

Acosta appealed the denial of his First Section 2255 Motion (Dkt. No. 103), and on February 1, 2012, the Second Circuit dismissed the appeal for failure to show a denial of a constitutional right (Dkt. No. 121).

■ Acosta now brings his second motion under Section 2255 and argues that Johnson should be extended to the "residual clause" in 18 U.S.C. Section 924(c)(1)(A) which prohibits the use, carrying, or possession of a firearm in the furtherance of a violent crime or drug trafficking crime. (Dkt. No. 131.)

In Johnson, the Supreme Court held that the residual clause in ACCA was unconstitutional. See 135 S.Ct. 2551 (2015). Under ACCA, a defendant convicted of being a felon in possession of a firearm, a violation pursuant to Section 922(g) of ACCA, faces a sentencing enhancement if he has three or more previous convictions for a "violent felony." 18 U.S.C. Section 924(e)(1). A violent felony, as defined in the ACCA's residual clause, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Section 924(e)(2)(B). Johnson voided this residual clause as unconstitutionally vague because the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," Johnson, 135 S.Ct. at 2557, and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony[,]" id. at 2558.

Johnson strictly applies only to those defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g). In the instant case, Acosta was not convicted of being a felon in possession of a firearm pursuant to Section 922(g). (See Dkt. No. 77.) Therefore, Johnson would not apply, and the

Supreme Court's ruling in Johnson would not be relevant on that basis.

However, the Second Circuit has held that Johnson applies when a defendant is sentenced as a career offender under Section 4B1.1 if at least one of the prior convictions was a "crime of violence," a phrase defined in United States Sentencing Guideline Section 4B1.2. See United States v. Maldonado, 636 Fed.Appx. 807, 809 (2d Cir.2016) ("[T]he operative language of Guideline § 4B1.2(a) (2)'s residual clause and the ACCA's residual clause is identical."). Again, Johnson is not applicable here because Acosta was not sentenced as a career offender under Section 4B1.1. (Dkt. No. 77.)

■ Finally, Acosta argues that pursuant to Johnson, Hobbs Act Robbery does not qualify as a "crime of violence," and therefore his conviction for the 18 U.S.C. Section 1951 offense must be vacated. (Dkt. No. 131.)

■ To determine whether a predicate offense is a "crime of violence" under 18 U.S.C. Section 924(c)(3), the Court applies a "categorical approach." See United States v. Acosta, 470 F.3d 132, 135 (2d Cir.2006) (endorsing the categorical approach). Under this approach, the Court considers "the intrinsic nature of the offense rather than . . . the circumstances of the particular crime alleged." United States v. Pena, No. 15–CR–551, 161 F.Supp.3d 268, 271, 2016 WL 690746, at *2 (S.D.N.Y. Feb. 11, 2016) (citing Acosta, 470 F.3d at 135). If the "minimum criminal conduct necessary for conviction under a particular statute" does not constitute a "crime of violence" under Section 924(c)(3), then the offense is not a "crime of violence." Acosta, 470 F.3d at 135. The Court, however, need not contemplate every hypothetical possibility; it need only consider "the minimum conduct to which there is a 'realistic probability, not a theoretical possibility' that the statute would

be applied." Pena, 161 F.Supp.3d at 271, 2016 WL 690746, at *2 (quoting Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)).

This Court joins other courts that have considered the issue and have held that Hobbs Act Robbery is a "crime of violence" under the force clause of 18 U.S.C. Section 924(c)(3)(A). See United States v. Pena, No. 14–CR–553–3, 190 F.Supp.3d 317, 322 n. 1, 2016 WL 3208913, *4 n. 1 (E.D.N.Y. June 3, 2016) (listing cases that hold that Hobbs Act Robbery is a "crime of violence" under the force clause of 18 U.S.C. Section 924(c) (3) (A)); see also Pena, 161 F.Supp.3d at 284, 2016 WL 690746, at *12 (holding that Hobbs Act robbery is a "crime of violence" under the force clause of 18 U.S.C. Section 924(c)(3)(A)). Finding that Hobbs Act Robbery is a "crime of violence" under the force clause, this Court need not reach the balance of Acosta's argument concerning the constitutionality of the residual clause of 18 U.S.C. Section 924(c)(3)(B).

Thus, Acosta's Motion is DENIED.

## B. TRANSFER TO THE SECOND CIRCUIT

As a general matter, this Court does not have jurisdiction to address a successive motion without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice. See 28 U.S.C. Sections 2255(h) and 2244(b)(3); see also Liriano v. United States, 95 F.3d 119, 123 (2d Cir.1996). "However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." Avendano v. United States, No. 02–CV–1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014).

To proceed with a successful motion, Acosta must demonstrate that the Motion either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. Section 2255(h). Because Acosta does not demonstrate either standard, the Court declines to transfer the motion to the Second Circuit for certification under Sections 2255(h) and 2244(b)(3).

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Ramon Acosta (Dkt. No. 131) to vacate, set aside, or dismiss his conviction pursuant to 28 U.S.C. Section 2255 is **DENIED.**

The Court certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Acosta has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**