18-3294-cr (L)
*United States v. Eldridge*

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2019
Nos. 18-3294-cr (L), 19-92-cr (Con)

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

THAMUD ELDRIDGE, KEVIN ALLEN,
*Defendants-Appellants,*

KASHIKA SPEED, GALEN ROSE,
*Defendants.*

On Appeal from a Judgment of the United States District Court for
the Western District of New York.

ARGUED: MARCH 10, 2020
DECIDED: MARCH 30, 2023

Before: CHIN, SULLIVAN, and NARDINI, *Circuit Judges*.

In an opinion dated June 22, 2021, this Court affirmed the convictions and sentences of Defendants Thamud Eldridge and Kevin Allen after a jury trial in the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*). Among other things, we upheld Eldridge's conviction on Count Seven of the operative indictment, which charged Eldridge under 18 U.S.C. § 924(c)(1)(A)(ii) for possessing and brandishing a firearm in furtherance of a crime of violence. *United States v. Eldridge*, 2 F.4th 27, 42 (2d Cir. 2021). The Supreme Court has now vacated the judgment with respect to Eldridge and remanded the case for further consideration in light of its decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Eldridge v. United States*, 142 S. Ct. 2863 (2022). Having given due consideration to *Taylor*, we vacate Eldridge's conviction on Count Seven and remand for resentencing on all of Eldridge's remaining counts of conviction. In reaching this conclusion, we hold that kidnapping in the second degree under New York Penal Law § 135.20 is not categorically a crime of violence pursuant to § 924(c)(3)(A). We leave all other aspects of our June 22, 2021, opinion intact.

VACATED IN PART, AFFIRMED IN PART, AND REMANDED.

_____

DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT, *for Defendant-Appellant Thamud Eldridge*

KATHERINE A. GREGORY, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee*

_____

WILLIAM J. NARDINI, *Circuit Judge*:

On June 22, 2021, this Court issued an opinion affirming the convictions and sentences of Defendants Thamud Eldridge and Kevin Allen after a jury trial in the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*). Among other things, we upheld Eldridge's conviction on Count Seven for possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Eldridge*, 2 F.4th 27, 42 (2d Cir. 2021). Eldridge then filed a petition for a writ of certiorari. The Supreme Court has now vacated our decision with respect to Eldridge and remanded the case for further consideration in light of its decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Eldridge v. United States*, 142 S. Ct. 2863 (2022). Having given due consideration to *Taylor*, we now vacate Eldridge's conviction on Count Seven and remand for resentencing on all of Eldridge's remaining counts of conviction. In reaching this

3

conclusion, we hold that kidnapping in the second degree under New York Penal Law § 135.20 is not categorically a crime of violence pursuant to § 924(c)(3)(A). We leave intact all other aspects of our original opinion, including our affirmance of Eldridge's other convictions, and all of Allen's convictions and sentences. We assume familiarity with our original opinion.

Following a jury trial on a fifteen-count superseding indictment, Eldridge was convicted of seven counts arising from his participation in a drug-dealing enterprise that operated in Buffalo, New York, from 2003 to 2005. These counts included, as relevant here, Counts Five, Six, and Seven. Count Seven charged Eldridge with possessing and brandishing a firearm in furtherance of the crimes of violence charged in Counts Five and Six, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Count Five charged Eldridge with kidnapping in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), where the kidnapping offense arose under New York

4

Penal Law § 135.20, kidnapping in the second degree.  Count Six charged Eldridge with Hobbs Act robbery under two theories: conspiracy and attempt.

The jury convicted Eldridge of both Count Five and Count Six, and the verdict form did not ask the jury to identify on which predicate, or predicates, it was basing its guilty verdict for Count Seven.  On appeal, Eldridge argued, among other things, that his conviction on Count Seven must be vacated, since all three of the predicate offenses on which this conviction could have been based—(1) attempted Hobbs Act robbery (Count Six), (2) conspiracy to commit Hobbs Act robbery (Count Six), and (3) kidnapping in aid of racketeering, 18 U.S.C. § 1959(a)(1), based on kidnapping in the second degree under New York Penal Law § 135.20 (Count Five)—are not valid crimes of violence as defined by § 924(c)(3)(A).

In light of *Taylor*, Eldridge is correct.  First, the Supreme Court found in *Taylor* that attempted Hobbs Act robbery does not qualify as

5

a crime of violence under § 924(c)(3)(A), and therefore cannot serve as a predicate for Eldridge's Count Seven conviction under § 924(c)(1)(A)(ii). *United States v. Collymore*, 61 F.4th 295, 296–97 (2d Cir. 2023) (subsequent to *Taylor*, reversing § 924(c) convictions predicated on attempted Hobbs Act robbery); *United States v. McCoy*, 58 F.4th 72, 73–74 (2d Cir. 2023) (subsequent to *Taylor*, reversing § 924(c) convictions predicated on attempted Hobbs Act robbery). Second, as we held in our original opinion, conspiracy to commit Hobbs Act robbery is not a crime of violence following *United States v. Davis*, 139 S. Ct. 2319 (2019), and this Court's subsequent decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). Accordingly, conspiracy to commit Hobbs Act robbery is not a valid predicate for Eldridge's Count Seven conviction.

Third, we now hold—as Eldridge argues and the government concedes—that kidnapping in the second degree under New York Penal Law § 135.20 is not categorically a crime of violence pursuant

6

to § 924(c)(3)(A).  Therefore, Eldridge's conviction on Count Five—charging kidnapping in aid of racketeering, 18 U.S.C. § 1959(a)(1), premised on second-degree kidnapping under New York law—cannot serve as a predicate under Count Seven.

To determine whether kidnapping in aid of racketeering is a crime of violence, we employ the modified categorical approach.  *See United States v. Pastore*, 36 F.4th 423, 429 (2d Cir. 2022).  Under this approach, we first look to the charging papers or other documents in the record to determine the underlying crime that the defendant was charged with committing.  *See Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020).  We next "identify 'the minimum criminal conduct necessary for conviction under [that] particular statute.'"  *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (quoting *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006)).  In doing so, we "look only to the statutory definitions—*i.e.*, the elements—of the offense and not to the particular underlying facts" of a case.  *Id.* (cleaned up).  Then, we

7

consider whether such conduct amounts to a crime of violence under § 924(c)(3)(A), which is defined as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Applying the modified categorical approach here, we first turn to the crime on which the kidnapping in aid of racketeering charge was itself predicated—second-degree kidnapping under New York law—to determine whether Eldridge was charged and convicted of a crime of violence. A person is guilty of kidnapping in the second degree under New York Penal Law § 135.20 "when he abducts another person." Under New York Law, "'[a]bduct' means to restrain a person with intent to prevent his liberation by either (a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use deadly physical force." N.Y. Penal Law § 135.00(2). "Restrain" is defined as:

> [T]o restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially

8

with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined "without consent" when such is accomplished by (a) physical force, intimidation or deception, or (b) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement.

*Id.* at § 135.00(1). Based on these definitions, a person could be convicted of second-degree kidnapping under New York Penal Law § 135.20 if he used deception to hold a victim in a place where it is unlikely that victim will be found. Since this conduct does not require "the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A), kidnapping in the second degree under New York Penal Law § 135.20 is not categorically a crime of violence. Therefore, the kidnapping offense set forth in Count Five is an invalid predicate for Eldridge's Count Seven conviction.

Because none of the three possible predicates for Eldridge's conviction under Count Seven is a crime of violence under § 924(c)(3)(A), we VACATE Eldridge's conviction on Count Seven and REMAND to the district court for resentencing on all of Eldridge's remaining counts of conviction. We AFFIRM all of Eldridge's remaining convictions, and do not disturb our earlier judgment with respect to Allen.